IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,600






EX PARTE RICARDO FLORES MENDOZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-48446-01-E IN THE 108
TH JUDICIAL DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
deadly weapon in a penal institution and sentenced to seven years' imprisonment. 

 Applicant contends that he was denied his right to appeal because trial counsel failed to
timely file a notice of appeal. The record contains a copy of the trial court's certification of
Applicant's right to appeal, indicating that this was not a plea bargain case, and that Applicant had
the right to appeal the conviction. Applicant's trial counsel has submitted an affidavit, stating that
at the time of the conviction Applicant indicated his desire to appeal. Trial counsel filed a motion
for a new trial, and case was transferred to the appellate attorney for State Counsel for Offenders. 
However, according to counsel's affidavit, an error occurred during the transfer of Applicant's file,
resulting in a failure to note Applicant's desire to appeal his conviction. Counsel concedes that State
Counsel for Offenders failed to file a timely notice of appeal in Applicant's case, and that this failure
was in no way due to Applicant's own actions. 

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal
of the judgment of conviction in Cause No. 48,446-01-E from the 108th Judicial District Court of
Potter County. Applicant is ordered returned to that time at which he may give a written notice of
appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.


Delivered: January 31, 2007

Do Not Publish